# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES, | 1:04 CV F 6656 OWW DLB P |
| Plaintiff, | ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT OR NOTIFY THE COURT OF HIS INTENT TO PROCEED ON COGNIZABLE CLAIMS |
| v. | |
| ARNOLD SCHWARZENEGGER, et.al., | |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint filed December 6, 2004.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

It appears that plaintiff is seeking monetary compensation for the alleged miscalculation of his release date and resulting incarceration and/or the failure to properly apply time credits to

his sentence. Assuming Plaintiff's claim does not relate to the duration of the sentence for which he is currently incarcerated and does not affect the validity of his conviction, plaintiff states a cognizable claim for relief for violation of his civil rights by the Board of Prison Terms.

However, plaintiff also names Arnold Schwarzenegger, the California Department of Corrections; and Wasco State Prison. Plaintiff may not sustain an action against the California Department of Corrections or Wasco State Prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because the California Department of Corrections, Wasco State Prison are state agencies, they are entitled to Eleventh Amendment immunity from suit.

In addition, plaintiff alleges that he is suing defendants, including Governor Arnold Schwarzenegger, in their individual and official capacities. The Eleventh Amendment bars damages actions against state officials in their official capacity. See Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). For this reason, a damages claim against defendants in their official capacities is not cognizable and must be dismissed from the action.

However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose

personal liability upon a government official for actions [the official] takes under color of state law.  See Kentucky v. Graham, 473 U.S. 159, 165 (1988).  Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred.  See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has alleged no facts that demonstrating that Governor Arnold Schwarzenegger personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black at 646.  Accordingly, plaintiff fails to state any claims upon which relief may be granted under section 1983 against him.

In summary, the Court finds that plaintiff has stated a cognizable claim for relief against the Board of Prison Terms for the alleged miscalculation of his release date.  However, Plaintiff has failed to state cognizable claims against the other defendants.  The Court will provide

1 Plaintiff with the opportunity to file an amended complaint to attempt to cure the deficiencies in
2 the allegations, if Plaintiff wishes to do so.
3     If Plaintiff does not wish to file an amended complaint and wishes to proceed against the
4 Board of Prison Terms only, Plaintiff may so notify the Court in writing.  The Court will then
5 issue a recommendation to dismiss the remaining defendants and the Court will forward Plaintiff
6 a USM 285 form to fill out and return for service.
7     In the event that Plaintiff does wish to amend his complaint, Plaintiff is advised Local
8 Rule 15-220 requires that an amended complaint be complete in itself without reference to any
9 prior pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See
10 Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the
11 original pleading no longer serves any function in the case.  Therefore, in an amended complaint,
12 as in an original complaint, each claim and the involvement of each defendant must be
13 sufficiently alleged.
14     Based on the foregoing, it is HEREBY ORDERED that:
15     1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;
16     2.    Within thirty (30) days from the date of service of this order, Plaintiff must either
17     file an amended complaint curing the deficiencies identified by the Court in this
18     order; or notify the Court in writing that he does not wish to file an amended
19     complaint and wishes to proceed only against defendant the Board of Prison
20     Terms;
21     3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure
22     to obey a court order and failure to state a claim upon which relief can be granted.
23
24 IT IS SO ORDERED.
25 **Dated:   May 13, 2005**            /s/ Dennis L. Beck
    3b142a                              UNITED STATES MAGISTRATE JUDGE
26
27
28