# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT F. MILES | 1:04 CV F 6656 OWW DLB P |
| Plaintiff, | FINDINGS AND RECOMMENDATION RE DISMISSAL OF CERTAIN DEFENDANTS |
| v. | |
| ARNOLD SCHWARZENEGGER, et.al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 16, 2005, the Court entered an order finding that plaintiff's complaint stated a cognizable claim for relief as to the Board of Prison Terms for the alleged miscalculation of his release date; however, plaintiff failed to state cognizable claims against the other defendants.  The Court granted plaintiff the opportunity to either file an amended complaint or proceed only against the Board of Prison terms.  On May 25, 2005, plaintiff advised that he did not wish to amend the complaint and wanted to proceed against the Board of Prison Terms only.  The Court therefore issues the following recommendation to dismiss the other defendants.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to
3  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
4  can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

5      It appears that plaintiff is seeking monetary compensation for the alleged miscalculation
6  of his release date and resulting incarceration and/or the failure to properly apply time credits to
7  his sentence.  Assuming Plaintiff's claim does not relate to the duration of the sentence for which
8  he is currently incarcerated and does not affect the validity of his conviction, plaintiff states a
9  cognizable claim for relief for violation of his civil rights by the Board of Prison Terms.

10      However, plaintiff also names Arnold Schwarzenegger, the California Department of
11  Corrections; and Wasco State Prison.  Plaintiff may not sustain an action against the California
12  Department of Corrections or Wasco State Prison.  The Eleventh Amendment prohibits federal
13  courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs
14  Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); see also Seminole Tribe
15  of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf &
16  Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir.
17  1991).  The Eleventh Amendment bars suits against state agencies as well as those where the
18  state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't
19  of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d
20  1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency
21  entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist.,
22  861 F.2d 198, 201 (9th Cir. 1989).  Because the California Department of Corrections, Wasco
23  State Prison are state agencies, they are entitled to Eleventh Amendment immunity from suit.

24      In addition, plaintiff alleges that he is suing defendants, including Governor Arnold
25  Schwarzenegger, in their individual and official capacities.  The Eleventh Amendment bars
26  damages actions against state officials in their official capacity.  See Doe v. Lawrence Livermore
27  Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997); Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir.
28  1996); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).  For this reason, a damage claim

against defendants in their official capacities is not cognizable and must be dismissed from the action.

However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacity. See Hafer v. Melo, 502 U.S. 21, 30 (1991); Ashker v. California Dep't of Corrections, 112 F.3d 392, 394 (9th Cir.), cert. denied, 118 S. Ct. 168 (1997); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). "Personal-capacity suits seek to impose personal liability upon a government official for actions [the official] takes under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1988). Where plaintiff is seeking damages against a state official, such as in the instant action, this "necessarily implies" a personal-capacity suit because an official-capacity suit would be barred. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show a prima facie case of supervisory liability, plaintiff must allege facts indicating that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under Section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has alleged no facts that demonstrating that Governor Arnold Schwarzenegger personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

3

1  policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the
2  constitutional violation.'" <u>Hansen v. Black</u> at 646.  Accordingly, plaintiff fails to state any
3  claims upon which relief may be granted under section 1983 against him.
4      In summary, the Court finds that plaintiff has stated a cognizable claim for relief against
5  the Board of Prison Terms for the alleged miscalculation of his release date.  However, Plaintiff
6  has failed to state cognizable claims against the other defendants.  The Court therefore
7  RECOMMENDS that this action proceed against the Board of Prison Terms only and that
8  defendants Arnold Schwarzenegger, the California Department of Corrections; and Wasco State
9  Prison be dismissed.
10     These findings and recommendations will be submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
12 thirty (30) days after being served with these findings and recommendations, the parties may file
13 written objections with the Court.  The document should be captioned "Objections to Magistrate
14 Judge's Findings and Recommendations."  The parties are advised that failure to file objections
15 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.
16 Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.

21 **Dated:   May 31, 2005**            /s/ Dennis L. Beck
   3c0hj8                     UNITED STATES MAGISTRATE JUDGE

4