1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ROBERT MILES,                              CASE NO. CV-F-04-6656 OWW DLB P

12                  Plaintiff,          _____ FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DEFENDANTS'
13          vs.                                 MOTION TO DISMISS BE DENIED IN PART
                                                AND GRANTED IN PART
14
     SCHWARZENEGGER, et al.,
15
                    Defendants.
16                                              (Doc. 17)

17   _____/

18   I.     Defendants' Motion to Dismiss

19          A.      Relevant Procedural History

20          Plaintiff Robert Miles ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

21   in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

22   complaint, filed December 4, 2004 against the Board of Prison Terms for miscalculating his parole date

23   and holding him beyond his parole revocation release date.  Plaintiff seeks compensatory damage, as

24   well as declaratory and injunctive relief.  On September 22, 2005,  pursuant to Federal Rule of Civil

25   Procedure 12(b)(6), defendant filed a motion to dismiss on the grounds that: (1) this action is time

26   barred; and (2) the Board of Prison Terms is not a proper defendant.

27          B.      Legal Standard

28          In considering a motion to dismiss for failure to state a claim, the court must accept as true the

                                                   1

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). The federal system is one of notice pleading. <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." <u>Id</u>. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

      C.    <u>Discussion</u>

          1.    <u>Statute of Limitations</u>

Defendants argue that they are entitled to dismissal because plaintiff's claims are time barred. Federal law determines when a civil rights claim accrues. <u>See</u> <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to

1  know of the injury which is the basis of the action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir.1996).

2  Because section 1983 contains no specific statute of limitations, federal courts should borrow state

3  statues of limitations for personal injury actions in section 1983 suits. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S.

4  261, 276 (1985); <u>Torres v. City of Santa Ana</u>, 108 F.3d 224, 226 (9th Cir. 1997); <u>Vaughan v. Grijalva</u>,

5  927 F.2d 476, 478 (9th Cir. 1991). At the time plaintiff's claim accrued, the applicable statute of

6  limitations in California for section 1983 claims was one year. Cal. Civ. Proc. Code § 340(3); <u>Abreu</u>

7  <u>v. Ramirez</u>, 284 F.Supp.2d 1250, 1255-1258 (C.D.Cal. Sept. 25, 2003) (Cal. Civ. Proc. § 335.1,

8  extending the statute of limitations from one year to two years, does not apply to claims that accrued

9  prior to January 1, 2003).

10       In actions where the federal court borrows the state statute of limitation, the court should also

11  borrow all applicable provisions for tolling the limitations period found in state law. <u>See</u> <u>Hardin v.</u>

12  <u>Straub</u>, 490 U.S. 536, 539 (1989). Pursuant to the California Code of Civil Procedure section 352.1, a

13  two-year limit on tolling is imposed on prisoners. Section 352.1 provides, in pertinent part, as follows:

14      (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with

15      Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the

16      time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

17

18      Defendants contend that plaintiff's claims accrued in December 1997, when he claims he should

19  have been released from prison but was held over due a miscalculation in his parole date, and plaintiff

20  had one year from the accrual of his claims within which to file suit. Defendants argue that assuming

21  the application of the two year tolling under section 352.1(a) applies because plaintiff was imprisoned

22  for a term less than life, his claim expired in December 2000.

23      While plaintiff did not file an opposition to defendant's motion to dismiss, on January 24, 2006,

24  he filed a motion for leave to file an amended complaint to add individual defendants who were involved

25  in his parole revocation hearing. Plaintiff also argues that his action should not be time barred because

26  after he was paroled in May 1998, he was arrested on January 9, 1999, released on June 15, 2000 and

27  then arrested again on September 6, 2001. He states he was released on September 6, 2002 and arrested

28  again on November 24, 2002. Due to his continuing incarceration, plaintiff argues the statute of

3

1   limitations never expired.

2      Plaintiff's arguments against the running of the statute of limitation are unavailing.  While

3   California Law provides for a two year tolling of the statute where a person is incarcerated at the time

4   the cause of action accrues, plaintiff's re-incarceration does not reinstate the tolling period.  See Avery

5   v. Tri-County Extradition, No. C 98-1946 CAL(PR), 1999 WL 183604, at *2 (N.D. Cal. Mar. 25, 1999);

6   Mohammed v. Wilson, No. C-96-3319 EFL, 1996 WL 570501, at *3 (N.D. Cal. Sept. 27, 1996).

7   Plaintiff's claim accrued in December 1997, when he claims he should have been released from prison.

8   Given the one year statute of limitations, plaintiff had until December 1998 to file his lawsuit.

9   Assuming the application of the two year tolling provision under section 352.1, plaintiff had until

10  December 2000 to file his lawsuit.  This action was filed December 6, 2004 and is therefore untimely.

11     However, plaintiff's reincarceration may raise the issue of equitable tolling.  "The doctrine of

12  equitable tolling focuses on the effect of the prior claim in warning the defendants in the subsequent

13  claim of the need to prepare a defense."  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir.

14  1993).  The rules for equitable tolling are borrowed from the forum state.  Cervantes, 5 F.3d at 1275.

15  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations:

16  '(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being

17  required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and

18  in good faith.'"  Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (quoting Bacon v. City of Los

19  Angeles, 843 F.2d 372, 374 (9th Cir. 1988)).  The court is mindful that "California's fact-intensive test

20  for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation,

21  " Cervantes, 5 F.3d at 1276, and that "'[w]hen a motion to dismiss is based on the running of the statute

22  of limitations, it can be granted only if the assertions of the complaint, read with the required liberality,

23  would not permit the plaintiff to prove that the statute was tolled.'"  Id. at 1275 (quoting Jablon v. Dean

24  Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)).

25     The Court of Appeals for the Ninth Circuit has noted that it has reversed cases in which "the

26  applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in

27  the pleadings," and cases in which "the factual and legal issues [were] not sufficiently clear to permit

28  [the Court] to determine with certainty whether the doctrine could be successfully invoked."  Supermail

4

1   Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).  At this stage, the court cannot find that

2   "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness

3   of [his] claim."  Id.  At this stage, this court cannot find that "it appears beyond doubt that the plaintiff

4   can prove no set of facts that would establish the timeliness of [his] claim."  Id.  Accordingly, the court

5   shall recommend that defendant's motion to dismiss the complaint as untimely, be denied.

6           D.      Board of Prison Terms as a Defendant

7           Defendant next correctly argues that the Board of Prison Terms, as a state agency is not a

8   "person" under section 1983 and is immune from suit under the Eleventh Amendment.  The Eleventh

9   Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks

10  v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also

11  Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v.

12  Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th

13  Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state

14  itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp.,

15  96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.

16  1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh

17  Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.

18  1989).  Because the Board of Prison Terms is a state agency, it is entitled to Eleventh Amendment

19  immunity from suit.  The Court therefore recommends that defendants' motion to dismiss based on

20  defendant's immunity be granted.

21          In recommending dismissal, the Court does not recommend plaintiff be granted leave to amend

22  to name the individuals involved in plaintiff's parole revocation.  The Ninth Circuit has held that "parole

23  board officials are entitled to absolute immunity from suits by prisoners from actions taken when

24  processing parole applications."  Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir. 1981).

25          D.      Conclusion

26          Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss,

27  filed September 22, 2005, be granted in part and denied in part as follows:

28

                                                5

1.    Defendant's motion to dismiss for failure to file suit within the one-year statute of limitations be denied;

2.    Defendant's motion to dismiss plaintiff's claims against the Board of Prison Terms as barred by the Eleventh Amendment, be granted; and

3.    Plaintiff's complaint be dismissed without leave to amend concluding this action in its entirety.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 8, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                        UNITED STATES MAGISTRATE JUDGE